Victoria Q. Smith, CBA No. 236045
VSmith@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Tel: 650.838.4300 / Fax: 650.838.4350

Ramsey M. Al-Salam, CBA No. 109506
RAlSalam@perkinscoie.com
Christina J. McCullough, CBA No. 245944
CMcCullough@perkinscoie.com
Stevan R. Stark *(admitted pro hac vice)*
SStark@perkinscoie.com
Antoine M. McNamara, CBA No. 261980
AMcNamara@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Tel: 206.359.8000 / Fax: 206.359.9000

Attorneys for Plaintiff and
Counterclaim-Defendant F5 Networks, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| F5 NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RADWARE, INC., <br><br> Defendant. | No. 3:17-cv-3166-VC <br><br> **F5 NETWORKS, INC.'S MOTION FOR CLARIFICATION REGARDING AMENDED CONTENTIONS DEADLINES OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS** |
| RADWARE, INC. and RADWARE, LTD. <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> F5 NETWORKS, INC., <br><br> Counterclaim-Defendant. | Hearing Date: December 6, 2018 <br> Time: 10:00 a.m. <br> Judge: Hon. Vince Chhabria <br> Location: Courtroom 4, 17th Floor |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at 10:00 a.m. on December 6, 2018, or as soon thereafter as the matter may be heard in the courtroom of the Honorable Vince Chhabria, San Francisco Courthouse, Courtroom 4, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94012, Plaintiff and Counter-Claim Defendant F5 Networks, Inc. by and through its counsel of record, will and hereby do move this Court, for an Order clarifying the contentions deadline in the scheduling order does not require the parties to seek leave to amend, or in the alternative, granting F5 leave to amend its infringement contentions under Patent L.R. 3-6.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Stevan R. Stark and exhibits in support hereof, any reply papers which may be filed, the pleadings and papers on file in this action, the arguments of counsel, and any other matter that the Court may properly consider.

## MEMORANDUM AND POINTS OF AUTHORITIES

### I.  INTRODUCTION

F5 seeks clarification regarding whether the dates for amending infringement and invalidity contentions in the scheduling order require the parties to seek leave to serve those contentions, and if so, seeks leave to serve amended infringement contentions for good cause.

This case was transferred from the Western District of Washington. The parties served preliminary infringement and invalidity contentions prior to transfer but have not exchanged any contentions in this District. The schedule in this case (Dkt. No. 147), which was agreed to by the parties and entered on July 12, 2018, provides dates for the parties to exchange damages contentions and amend infringement and invalidity contentions. F5 had understood that the agreed dates in the schedule allow the parties to serve amended contentions as a matter of right, without the need for leave from the Court. This is consistent with Local P.R. 3-6, which already allows the parties to amend contentions at any time if good cause exists. A deadline is inconsistent with the rule, unless the deadline is for amending in the absence of good cause. Radware, however, has recently indicated that it disagrees with F5's understanding and takes the

position that good cause is required even if amended contentions are served within the deadline. Thus, F5 requests the Court to clarify whether the dates for amending infringement and invalidity contentions in the schedule require the parties to first seek leave and show good cause.

If leave is required, F5 should be granted leave to serve amended infringement contentions because good cause exists. F5's amended infringement contentions are based on non-public source code and technical documents produced by Radware long after the preliminary contentions were served. The amendments also cause Radware no prejudice — they provide additional details to support and clarify F5's infringement theories, while not adding any new products, claims or theories.

This motion is supported by the declaration of Stevan R. Stark ("Stark Decl.") filed herewith.

## II. THE COURT SHOULD CLARIFY THAT THE DEADLINES ARE FOR AMENDMENTS WITHOUT THE NEED TO SEEK LEAVE AND SHOW GOOD CAUSE

The parties stipulated to deadlines for contentions that were entered by the Court in the scheduling order. (Dkt. No. 147). These deadlines include dates for amending the invalidity and infringement contentions that were originally served in the Western District of Washington and for damages contentions, which are required by the local patent rules in this district. The parties had served preliminary infringement and invalidity contentions prior to transfer, and F5 had understood the purpose of the scheduled contentions deadlines was to allow the parties to amend these preliminary contentions as a matter of right, without the need for leave from the Court. Indeed, Local P.R. 3-6 already gives parties the right to seek leave from the Court to amend contentions *at any time* upon a timely showing of good cause. Thus, providing a deadline for amending preliminary contentions in the schedule is inconsistent with that rule, unless the deadline is for amendment in the absence of good cause or seeking leave. Radware, however, recently indicated it believes the deadlines in the schedule still require the parties to seek leave for good cause. F5 requests the Court clarify that the scheduled deadlines for amending infringement and invalidity contentions do not require the parties to seek leave, while any subsequent amendments or amendments made after the deadlines would require leave.

### III. IF LEAVE IS REQUIRED, THE COURT SHOULD GRANT F5 LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS BECAUSE IT HAS BEEN DILIGENT AND HAS GOOD CAUSE TO AMEND

To the extent good cause and leave is required, the Court should grant F5's request for leave to amend its infringement contentions because F5 has been diligent and Radware will suffer no undue prejudice. Contentions may be amended by order of the Court upon a timely showing of good cause. Patent L.R. 3-6. Good cause exists when the moving party is diligent in amending its contentions and the non-moving party will not be unduly prejudiced by the amendment. *Synchornoss Tech., Inc. v. Dropbox Inc.*, No. , 2018 WL 2984850, at *2 (N.D. Cal. June 14, 2018) (quoting *DCG Sys. v. Checkpoint Techs., LLC*, No. C-11-03792 PSG, 2012 WL 1309161, at *3 (N.D. Cal. Apr. 16, 2012). The rules provide non-exhaustive examples of circumstances that support a finding of good cause, including the "[r]ecent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." Patent L.R. 3-6(c).

#### A. Factual Background

The current deadlines for amending infringement and invalidity contentions in this case are October 29 and November 28, 2018, respectively. (Dkt. No. 161). The deadline for damages contentions is November 30, 2018. (Dkt. No. 147). Fact discovery does not close until April 4, 2019, with trial scheduled over a year from now in November 2019.

#### 1. Background of the Case and Discovery

This lawsuit originated in the Western District of Washington and has undergone several delays. F5 originally sued Radware for infringement of three patents, U.S. Patent No. 6,311,278 ("the '278 patent"), 8,676,955 ("the '955 patent"), and 7,472,413 ("the '413 patent"), on April 4, 2016. In lieu of answering, Radware filed motions to dismiss. (Dkt. Nos. 21, 28). The Washington court deferred entering a case schedule pending resolution of those motions. (July 5, 2016, Minute Entry). Radware then filed a motion to transfer on July 21, 2016 (Dkt. No. 35), after which Radware switched counsel to its present attorneys, and then sought leave to file additional Rule 12(b)(6) motions in September 2016 (Dkt. No. 47). Radware's motions were all denied on November 14, 2016. (Dkt. No. 54). Thereafter, on November 28, 2016, Radware filed

its first Answer (Dkt. No. 55), and on December 16, 2017, filed an amended Answer that included a counter-claim of patent infringement based on Radware's U.S. Patent No. 9,231,853 ("the '853 patent"). The Washington court entered a scheduling order in December 2016. (Dkt. No. 57).

F5 served its preliminary infringement contentions ("PICs") in the Western District of Washington on July 18, 2016. (Stark Decl. ¶ 2). The parties had agreed to this date (see Dkt. No. 27-1), but no discovery had been taken at the time because the case had been suspended pending resolution of Radware's motions to dismiss and transfer. F5's PICs were thus based on public information. (Stark Decl. Ex. 1 at 1). Radware subsequently served invalidity and non-infringement contentions (both required in the Western District of Washington) in mid-January 2017, after a schedule was entered. Radware served its infringement contentions on December 19, 2016, and F5 served its invalidity and non-infringement contentions on January 18, 2017. The parties then began discovery and engaged in the claim construction process set forth in the Western District of Washington.

F5 served requests for production on Radware on February 2, 2017, requesting, among other things, versions of the source code for the accused products and technical documents (e.g., product specifications, technical manuals, product manuals, release notes, presentations, or white papers). (*See, e.g.*, Stark Decl. Ex. 2, Nos. 1, 3, 14). Radware did not begin to produce any such materials until this year, in 2018.

After the Supreme Court's *TC Heartland* ruling, the parties agreed the case should be transferred to this Court. After the case was transferred, F5 filed a motion to stay Radware's patent infringement counterclaims pending completion of then-instituted *inter partes* review of the '853 patent. (Dkt. No. 101). At the time of the transfer, the parties effectively suspended discovery until after the Court resolved F5's motion. On October 17, 2017, the Court ordered the parties to file letter briefs on whether the entire case should be stayed (Dkt. No. 131), and then on November 11, 2017, stayed Radware's infringement case but allowed discovery to proceed on F5's patents. (Dkt. No. 136).

Shortly thereafter, on December 14, 2017, F5's counsel sent an email to Radware's counsel that asked Radware when it would begin its document production. (Stark Decl. Ex. 3 at

3).  After a follow-up email on January 3, 2018 again requested Radware to indicate when it would begin production, Radware's counsel responded that it was aware of the need to resume discovery but was delayed because its counsel was in the process of transferring its practice to a new law firm.  (*Id.* at 2-3).

Radware first produced technical documents regarding the accused products on January 29, 2018.  (Stark Decl. ¶ 6).  On February 2, 2018, Radware indicated that it would produce additional technical documents and make source code available for inspection.  (Stark Decl. Ex. 3 at 1).  Radware produced additional technical documents on May 11 and 15, 2018.  (Stark Decl. ¶ 6).  F5 then inspected Radware's initial source code production on May 22-23, 2018.  (Stark Decl. ¶ 7).  At that inspection, Radware provided only a single version of Radware's source code for inspection, Alteon version 32.0.  *Id.*  By at least June 7, 2018, F5 informed Radware that it expected additional source code to be produced.  (Stark Decl. Ex. 4).

By September 6, 2018, F5 asked to inspect specific additional versions of the source code, AppWall versions 5.8.1 and 7.3.1.  (Stark Decl. Ex. 5 at 2-3).  After F5 counsel sent a follow-up email on September 21, 2018, Radware said that it was delayed due to holidays in Israel.  (*Id.* at 2).  The parties then agreed for an inspection of the additional versions during the week of October 15, 2018 in San Francisco, which F5 inspected on October 16 and 17.  (*Id.* at 1; Stark Decl. ¶ 10).  After that inspection, F5 immediately requested printed copies of portions of Radware's source code, which F5 received last week on October 23, 2018.

In the interim, the parties agreed to deadlines for supplementing contentions in the Northern District of California.  After the parties began coordinating dates for F5's May 2018 inspection of Radware's source code, Radware sent a letter requesting that F5 agree to a date to amend its infringement contentions.  (Stark Decl. Ex. 6).  Around this time, the parties were preparing the joint scheduling statement, which was filed on June 15, 2018, and included dates for amending infringement and invalidity contentions on August 6 and September 5, 2018, respectively, in addition to setting a date for follow-on damages contentions.  (Dkt. No. 142).  After the Court held a case management conference on June 26, 2018, the Court requested the parties submit a new stipulated schedule, which included stipulated dates for amending

infringement and invalidity contentions on October 1 and 31, 2018. (Dkt. No. 146). The Court entered the stipulated schedule on July 12, 2018, which is the first case schedule entered since transferring to this District. (Dkt. No. 147).

After Radware was unable to produce the additional source code requested by F5 before the originally set October 1 deadline, Radware suggested the parties extend the dates for amending contentions to accommodate for the delay. F5 was prepared to proceed with amending its contentions at that time but agreed to extend the date in the hope of avoiding serial amendments. The parties then sought and were granted an extension which set the dates for amending infringement and invalidity contentions to October 29 and November 28, 2018, respectively. (Dkt. No. 161).

During the pendency of this case, the parties — and the very same counsel representing the parties — have (1) briefed and argued, between November 2016 and September 2017, an appeal and cross-appeal before the Federal Circuit related to prior litigation between the same parties; (2) engaged in seven IPR proceedings against each other (five filed by Radware against F5's asserted patents, two filed by F5 against Radware's asserted patent), one of which against Radware was instituted and included phases of discovery, amendments and a hearing; and (3) engaged in settlement discussions, including between March-May 2018. (Stark Decl. ¶ 12).

### 2. F5's Preliminary Infringement Contentions

In its PICs, F5 asserted that Radware infringes the '413 and '278 patents based on its AppWall product, which Radware includes in various platforms, including Radware OnDemand Switches, Radware Hybrid Cloud WAF, and Radware Alteon Application Delivery Controller products. (Stark Decl. Ex. 7 at 1; Stark Decl. Ex. 8 at 1). F5 also asserted Radware infringes the '955 patent based on its Alteon Application Delivery Controller products. (Stark Decl. Ex. 9 at 1).

The PICs include charts "identifying specifically where each element of each Asserted Claim is found within each Accused Device," according to Western District of Washington Local Patent Rule 120. The contentions and charts were based on information that F5 had available to it at that time. For example, the '413 and '278 patent charts primarily cited to specific portions of

two AppWall user guides (AppWall User Guide, Software Version 5.2.2 and AppWall for Alteon NG User Guide, Software Version 30.2.1) and a Data Sheet.  (*See* Stark Decl. Ex. 7 at 1 (references cited); Stark Decl. Ex. 8 at 1 (references cited)).  The chart for the '955 patent primarily cited to specific portions of four Alteon references that were available to F5 at that time.  (*See* Stark Decl. Ex. 9 at 1 (references cited)).  These charts also specifically indicated Radware platform variations that host the accused products by referencing Radware's website and listing example products, such as Alteon 5412, Alteon NG 5224, Alteon NG 8420, AppWall OnDemand Switch 1 XL, andAppWall OnDemand Switch VL.

### 3.     F5's Amended Infringement Contentions

The amended infringement contentions do not include new claims, products or theories of infringement.[1]  The contentions accuse the same AppWall and Alteon products accused in the PICs.  The amended contentions are based on the same functionality identified in the PICs.  These contentions also identify additional specific example Radware platforms that host the accused AppWall and Alteon products, including by reference to Radware's website and citing specific examples such as Alteon D-Line and NG platforms.  F5 understands that the platforms all share the same functionality and modules.  (*See* Stark Decl. Exs. 10, 11).

F5's has also amended its infringement contentions to conform to Northern District of California Patent L.R. 3-1.  For example, the amended contentions "[identify] the timing of the point of first infringement, the start of claimed damages, and the end of claimed damages" (Patent L.R. 3-1(h)) and the current basis for F5's willfulness allegations (Patent L.R. 3-1(i)).  (*See* Stark Decl. Ex. 12).

The revisions to the amended infringement contentions provide further detail regarding F5's theories of infringement, including based on its analysis of source code and documents that were not available to it at the time the PICs were served.  The '413 and '278 patent charts now include citations to Radware source code and technical documents that F5 did not have access to until Radware began producing the materials earlier this year.  For example, these charts identify specific aspects of Radware's source code produced in February 2018 (inspected in May) and

---

[1] F5 provided Radware with drafts of these contentions on October 26.

October 2018 (inspected the same week produced). (*See, e.g.*, Stark Decl. Ex. 13 at 2, 22, 24-25, 27-28, 30-31; Ex. 14 at 2, 41-42, 64-65, 77-78). In addition, the '413 and '278 patent charts include citations to specific sections of Radware documents produced in May 2018, including AppWall User Guide, Software Version 5.8.11 (Bates No. RADWAREF5II_00059344-636), AppWall User Guide, Software Version 7.5.7 (Bates No. RADWAREF5II_00060454-754) and AppWall Release Notes, Versions 5.8.11 (Bates No. RADWAREF5II_00058854-864) and 7.5.7 (Bates No. RADWAREF5II_00059308-339). (*See, e.g.*, Stark Decl. Ex. 13 at 1-2, 3-8, et seq., Ex. 14 at 1-2, 3-10, et seq.). With respect to the '955 patent chart, F5 cites to specific sections of a document produced by Radware in January 2018, Alteon AppShape++ Reference Guide (Bates No. RADWAREF5II_00001886-2134). (*See, e.g.*, Stark Decl. Ex. 15 at 1, 12).

Radware specifically requested that F5 amend its infringement contentions in light of the newly produced materials. (See Dkt. 142 at 6 ("Radware has provided F5 access to its source code and has asked F5 to amend its infringement contentions to disclose the theory under which F5 believes Radware infringes.")). For example, on May 18, 2018, Radware sent a letter to F5's counsel requesting F5 to amend its infringement contentions on the grounds that F5's PICs were based on outdated product versions that "predate any notice of infringement" and that "[a]bsent a good faith basis for believing the products sold during the relevant time period infringe, F5's PICs lack evidentiary support and fall short of disclosing a theory of infringement." (*See* Stark Decl. Ex. 6). Despite having been apprised of no evidence to indicate that the documents relied upon in the PICs did not reflect operation of current or intervening software revisions of the accused products, F5's review of the recently produced Radware source code and documents confirm that that the various software revisions infringe under the same theories that F5 identified in its PICs. F5's amended infringement contentions have been revised to point to specific portions of the source code and/or documents for various software revisions of the accused products to specifically address Radware's complaints.

### B. F5 Has Good Cause to Amend its Infringement Contentions

Good cause exists to grant F5 leave to amend its infringement contentions. Courts in the Northern District of California consistently allow amendment where, as here, the amendments are

primarily based on nonpublic information, such as source code, and do not include any new theories of infringement.

F5's amended infringement contentions have been supplemented primarily to provide further detail and support for F5's theories based on source code and technical documents that were not previously available to it. The rules in this District contemplate that these circumstances create good cause, because they are based on "discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." Patent L.R. 3-6(c). As discussed above, despite F5 requesting access to source code and technical documents in February 2017, Radware only began producing such documents this year, including as recently as October 15, 2018. The amendments reflect F5's allegations based on its analysis of this information and include specific discussions of and citations to previously unavailable source code and technical documents.

The amendments do not claim infringement by any previously unidentified products and do not assert any new claims or theories. F5's amended infringement contentions conform to the Northern District of California Patent L.R. 3-1, including by adding disclosure of damages dates and willfulness allegations that are not required in the original district. The remaining changes to the claim charts are done in the interest of clarifying the original theories, but do not add any new theories. Courts in this District ordinarily allow amendments in circumstances like these that do not add infringement theories or previously unalleged claims or products. *See, e.g.*, *Linex Technologies, Inc. v. Hewlett-Packard Co.*, 2013 WL 5955548, at \*2 (N.D. Cal. Nov. 6, 2013) (allowing "proposed amendments to its infringement contentions [that] do not add new patent claims or new products"); *ProconGPS, Inc. v. Skypatrol, LLC*, 2013 WL 1788049, at \*1 (N.D. Cal. Apr. 26, 2013) (allowing amendments to "infringement charts [that] do not add new products or new legal theories, and that…simply provide more detail"); *Apple Inc. v. Samsung Electronics Co.*, 2012 WL 5632618, at \*3 (N.D. Cal. Nov. 15, 2012) (allowing proposed amendments that do "not seek to add new claims or theories of infringement").

Diligence includes diligence in discovering the basis for amendment and in seeking amendment once the basis has been discovered. *Synchornoss Tech.* 2018 WL 2984850, at \*2

1  (quoting *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. C 11-2226 SI, 2013 WL 322556, at *2
2  (N.D. Cal. Jan. 28, 2013). F5 has been diligent on both counts. It sought discovery of technical
3  materials early in the case, and after several delays—including transfer—and repeated requests,
4  Radware began to roll out production of technical materials, producing technical documents in
5  late January and May 2018 and source code in February and October 2018. F5 reviewed the
6  source code in May and October 2018 and is now seeking amendment by the date agreed by the
7  parties and provided by the Court in the scheduling order. *See Radware Ltd., et al. v. F5
8  Networks, Inc.*, No. C-13-2024 RMW, 2014 WL 3728482, at *2 (N.D. Cal. July 28, 2014)
9  (finding it was reasonable to amend infringement contentions on the date in the schedule, rather
10 than seeking leave multiple times).

### C.  Radware Will Not Suffer Any Undue Prejudice

12 F5's amendments will not cause any undue prejudice to Radware. Radware specifically
13 requested F5 to amend its infringement contentions and has thus expected such an amendment.
14 (*See* Dkt. No. 142 at 6 ("Radware has provided F5 access to its source code and has asked F5 to
15 amend its infringement contentions….")). The deadline for amending these contentions, which
16 F5 has met, was negotiated by the party and adopted by the Court in its scheduling order. When
17 the parties recently moved to extend the dates for contentions, it was to provide F5 the
18 opportunity to inspect additional versions of Radware's source code "which may be relevant for
19 F5's infringement contentions." Dkt. No. 160.

20 Further, the nature of F5's amendments will not cause any undue prejudice. The amended
21 contentions do not include any new product allegations, claims or theories. Instead, the
22 contentions provide additional specificity, which should at the very least be beneficial for
23 Radware in its efforts to defend against F5's claims. Moreover, there is ample time left in this
24 case as discovery does not close until April 2019, and trial is not scheduled to begin for over a
25 year.

### IV.  CONCLUSION

27 For the reasons provided above, the Court should confirm that the the deadlines to amend
28 contentions negotiated by the parties and set forth in the scheduling order do not require the

parties to seek leave of the Court.  Any amendments sought after these deadlines will be governed by Patent L.R. 3-6 and require leave and good cause.

To the extent the parties are required to seek leave to amend their contentions by the date set forth in the schedule, the Court should grant F5's request to amend its infringement contentions because good cause exists, as shown by F5's demonstrable diligence and the lack of undue prejudice to Radware.

DATED: October 29, 2018

By: */s/ Ramsey M. Al-Salam*
Ramsey M. Al-Salam, CBA No. 109506
RAlSalam@perkinscoie.com
Christina J. McCullough, CBA No. 245944
CMcCullough@perkinscoie.com
Stevan R. Stark *(admitted pro hac vice)*
SStark@perkinscoie.com
Antoine M. McNamara, CBA No. 261980
AMcNamara@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Phone: 206.359.8000
Fax: 206.359.9000

Victoria Q. Smith, CBA No. 236045
VSmith@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Phone: 650.838.4300
Fax: 650.838.4350

***Attorneys for Plaintiff and***
***Counterclaim-Defendant F5 Networks, Inc.***

# CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2018, I caused copies of the foregoing document to be served via ECF to the following counsel of record:

Fabio Marino
Barrington Dyer
Nitin Gambhir
Teri H.P. Nguyen
Luc Dahlin
POLSINELLI LLP
1661 Page Mill Road, Suite A
Palo Alto, CA 94304
Tel: 650-461-7700
Fax: 650-461-7701
Email: fmarino@polsinelli.com
Email: bdyer@polsinelli.com
Email: ngambhir@polsinelli.com
Email: thpnguyen@polsinelli.com
Email: ldahlin@polsinelli.com

***Attorneys for Defendant Radware, Inc. and Counterclaim-Plaintiffs Radware, Inc. and Radware, Ltd.***

*/s/ Ramsey M. Al-Salam*
*Ramsey M. Al-Salam*